UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C.R. K'NAPP, | No. 2:14-cv-1620 GEB KJN (TEMP) P |
| Plaintiff, | |
| v. | ORDER and |
| EDMUND G. BROWN, JR., et al., | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Motion for Leave to File an Amended Complaint

On October 30, 2015, plaintiff filed a motion for leave to file an amended complaint. (ECF No. 12). As the court has not yet ordered that plaintiff's prior complaint be served, the motion is granted. Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within 21 days after serving it.") Plaintiff will have thirty days in which to file an amended complaint.

When drafting his amended complaint, plaintiff should keep in mind the following points. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733

1   F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity
2   overt acts which defendants engaged in that support plaintiff's claim.  Id.  If plaintiff chooses to
3   amend the complaint, plaintiff must demonstrate how the conditions about which he complains
4   resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371
5   (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.
6   Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
7   connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633
8   F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
9   vague and conclusory allegations of official participation in civil rights violations are not
10  sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
12  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
13  complaint be complete in itself without reference to any prior pleading.  This requirement exists
14  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
15  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
16  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
17  original complaint, each claim and the involvement of each defendant must be sufficiently
18  alleged.

19  II.  Motion for Leave to Proceed In Forma Pauperis

20       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

21       Review of court records[1] reveals that plaintiff is designated a "three strikes litigant" under
22  28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

1   The "three strikes" designation indicates that plaintiff has brought three or more prior actions that
2   were dismissed as frivolous, malicious, or for failure to state a claim, and precludes plaintiff from
3   proceeding in forma pauperis in the present action unless he demonstrates that he was under
4   imminent danger of serious physical injury when he filed the complaint.

5   The undersigned notes that plaintiff has previously been denied in forma pauperis status
6   by the Ninth Circuit due to having incurred at least five prior strike dismissals, as defined by 28
7   U.S.C. § 1915(g).  See K'Napp v. Hogan, 738 F.3d 1106, 1111 (9th Cir. 2013) ("[Plaintiff]
8   accrued two strikes for the Ninth Circuit dismissals, and three additional strikes for the district
9   court dismissals.  He has more than met the requirement for a revocation of in forma pauperis
10  status under the Prison Litigation Reform Act.").

11  As a three strikes litigant, plaintiff may not proceed in forma pauperis in the present action
12  unless he demonstrates that he was "under imminent danger of serious physical injury" when he
13  filed his complaint.  28 U.S.C. § 1915(g).  The imminent danger exception applies only if it is
14  clear that the danger existed when the complaint was filed.  Andrews v. Cervantes, 493 F.3d
15  1047, 1053 (9th Cir. 2007).  The danger must be real and proximate, Ciarpaglini v. Saini, 352
16  F.3d 328, 330 (7th Cir. 2003), and must be ongoing, Andrews, 493 F.3d at 1056.  Allegations of
17  imminent danger that are overly speculative or fanciful may be rejected.  Id. at 1057 n.11.  Absent
18  a showing that plaintiff was under imminent danger of serious physical injury at the time he filed
19  his complaint, his only option for proceeding with this action is to pay the full filing fee.

20  Because plaintiff has indicated that he intends to file an amended complaint, the court will
21  defer ruling on his application to proceed in forma pauperis until it has had a chance to review the
22  allegations in the amended complaint and determine whether plaintiff has satisfied the imminent
23  danger exception.

24  III.  Motions for Temporary Restraining Orders

25  Also pending before the court are two motions for temporary restraining orders and
26  preliminary injunctive relief.  (ECF Nos. 6, 9.)  In the first, plaintiff seeks (i) immediate screening
27  and service of his complaint, and (ii) a "temporary restraining order and preliminary injunction
28  that prohibits the defendants from further causing or allowing Plaintiff to be deprived of or denied

3

a normal-height table to sit at and a padded chair to sit in as a reasonable accommodation of his known chronic physical impairment during his and his outside loved ones' participating in the CDCR's weekly inmate visitation program, services, and activities anywhere within the CDCR, including [Sierra Conservation Center]." (ECF No. 6 at 14.) In the second motion, plaintiff seeks (i) an immediate transfer back to Sierra Conservation Center and (ii) a declaration of his right to "be and remain housed at a prison close to the Sacramento area as a reasonable accommodation of his known serious mental impairment(s)." (ECF No. 9 at 11.)

   A. Standard

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See, generally, Fed. R. Civ. P. 65; see also Local Rule 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); see also, e.g., Aiello v. OneWest Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits

4

of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, the plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

B. Analysis

1. Screening and Service

In his first motion for a TRO, plaintiff seeks immediate screening and service of his complaint. (ECF No. 6 at 9-10, 14.) Plaintiff is initially informed that such a remedy is not an appropriate subject for preliminary injunctive relief. Restraining orders and injunctions may only bind:

> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and

>> (C) other persons who are in active concert or participation with anyone described in [subdivisions] (A) or (B).

Fed. R. Civ. P. 65(d)(2). It is evident that the court does not fall into any of these three categories.

Moreover, as plaintiff will be granted leave to file an amended complaint, the relief plaintiff seeks in this portion of his motion is now moot. Plaintiff should be aware that "[j]udges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Conte v. Jakks Pac., Inc., 981 F. Supp. 2d 895, 899 (E.D. Cal. 2013). Plaintiff chose to file a complaint consisting of 45 pages of allegations, accompanied by a 78-page-long declaration. He then followed up this complaint with the two motions for preliminary injunctive relief considered herein. Given the volume of cases before this court, the length of plaintiff's filings necessarily slowed the screening of his complaint.

The federal rules contemplate brevity. Plaintiff's claims should be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, will very likely result in delaying the review required by 28 U.S.C. § 1915 and may result in an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

1    Plaintiff's compliance with these guidelines in drafting his amended complaint and his

2 ability to restrain himself from filing supplementary motions will, together, increase the

3 likelihood that any amended complaint may be screened efficiently.

### 2. Table and Chair

5    Plaintiff seeks an order directing the provision of "a normal-height table to sit at and a

6 padded chair" as an accommodation of his disabilities "anywhere within the CDCR, including"

7 Sierra Conservation Center ("SCC").  (ECF No. 6 at 2-8, 14.)  The court notes that, in his motion

8 for the requested injunctive relief, plaintiff sets forth allegations concerning the absence of the

9 requested accommodations at SCC.  Plaintiff has subsequently notified the court of his transfer to

10 High Desert State Prison (ECF No. 10), and more recently, to California State Prison-Corcoran

11 ("CSP-COR") (ECF No. 11).  As the court is unaware of the circumstances regarding

12 accommodations at CSP-COR for plaintiff's alleged disabilities, the court is unable to determine

13 whether plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief . . . ."

14 Winter, 555 U.S. at 20.  Moreover, "in any civil action with respect to prison conditions . . . [t]he

15 court shall not grant or approve any prospective relief unless the court finds that such relief is

16 narrowly drawn, extends no further than necessary to correct the violation of the Federal right,

17 and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C.

18 § 3626(a)(1)(A).  Plaintiff simply has not made a showing that the requested injunctive relief

19 ought to extend to all CDCR facilities.  The court is therefore unable to grant the requested

20 injunctive relief.

### 3. Prison Placement

22    In his second motion for a TRO, plaintiff seeks (i) an immediate transfer to SCC from

23 CSP-COR and (ii) a declaration of his right to "be and remain housed at a prison close to the

24 Sacramento area as a reasonable accommodation of his known serious mental impairment(s)."

25 (ECF No. 9 at 11.)  Plaintiff alleges that:

> CDCR and its mental-health doctors have repeatedly and consistently recognized and affirmed not only that contact visitation with my outside loved ones on a regular and frequent basis is a serious medical need for me, but also that housing me at a prison as close to Sacramento as possible, in order to facilitate such visitation

7

> between my loved ones and me, is a reasonable accommodation of my known serious mental impairment(s).

(Id. at 3.)

Plaintiff further alleges that "CDCR transferred me to [SCC] for the specific purpose of facilitating contact visitation on a regular and frequent basis between my Sacramento-area loved ones and me as a reasonable accommodation of my known serious mental impairment(s)." (Id. at 3.) According to plaintiff, he is at risk of a variety of harms, including suicide, if he is not housed at a prison near Sacramento. (Id. at 8.)

In support of these allegations, plaintiff has attached as an exhibit to his motion a single page with the heading "CONFIDENTIAL PSYCHOLOGICAL EXAMINATION," signed by one "Mark Hume, Ph. D.[,] Clinical Psychologist." It provides in pertinent part:

> 1. [Plaintiff] not only has a long history of trauma of an extremely severe and prolonged nature leading to the condition of PTSD, he has developed maladaptive self-harming and self-destructive "coping" responses which leave him fragile, vulnerable, and hypervigilant regarding re-traumatization. As long as he is exposed to situational environmental factors (i.e. double cell) which trigger this psychopathology, it is very likely that he will continue to decompensate and could well be a serious risk for suicide. [. . .] His diagnosis at this time supports qualification at the CCCMS level . . . .
>
> 2. It is clear from the history and current findings that [plaintiff] functioned best when he was able to receive the support of family through weekly visits. [. . .] As [plaintiff's] mother and fiancé/"wife" are both in the Sacramento area, it is strongly suggested that for clinical treatment and improvement purposes a transfer to a Sacramento area institution be facilitated. Again, consistency and predictability regarding placement and stability are likely to be key factors in his potential recovery.

(ECF No. 9 at 14.)

While this exhibit lends some credence to plaintiff's grounds for the requested injunctive relief, the court notes that the clinician's recommendations concerning plaintiff's placement in a Sacramento-area institution are framed as a "strong[] suggest[ion]" rather than a "reasonable accommodation" under applicable disability statutes. That said, the court is sufficiently concerned about the risk of suicide alluded to in plaintiff's moving papers, and in the exhibit quoted above, that it will ask the California Department of Justice to look into the matter and report back regarding the circumstances surrounding plaintiff's housing assignment in light of his

mental health status.  The court will defer ruling on plaintiff's second motion for a temporary restraining order (ECF No. 9) until it has had an opportunity to review the state's response.

IV.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff's motion for leave to file an amended complaint (ECF No. 12) is granted.[2]

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. The Clerk of the Court is directed to serve copies of this Order and plaintiff's motion for a temporary restraining order (ECF No. 9) on Monica Anderson, Supervising Deputy Attorney General, California Department of Justice.  Deputy Attorney General Anderson, in turn, is requested to provide the undersigned with a status report in no less than thirty days regarding plaintiff's assignment to California State Prison-Corcoran in light of the psychologist's report quoted above and plaintiff's overall mental health classification and status.

IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order filed April 20, 2015 (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

[2] The court notes that plaintiff filed an amended complaint without leave of court on December 14, 2015.  (See ECF No. 15).  As plaintiff did not have the benefit of this order at the time he drafted this amended complaint, the court will disregard it and await plaintiff's filing of an amended complaint that is responsive to this order.

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 29, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/knap1620.lta+tro