UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C.R. K'NAPP, | No. 2:14-cv-1620 GEB KJN (TEMP) P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Religious Land Use and Institutionalized Persons Act of 2000. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On October 30, 2015, plaintiff filed a motion for leave to file an amended complaint. (ECF No. 12). As the court had not yet ordered that plaintiff's prior complaint be served, the motion was granted. Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within 21 days after serving it.")

In granting his motion, the court advised plaintiff to keep in mind the following points.

> Plaintiff should be aware that "[j]udges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Conte v. Jakks Pac., Inc., 981 F. Supp. 2d 895, 899 (E.D. Cal. 2013). Plaintiff chose to file a

1

complaint consisting of 45 pages of allegations, accompanied by a 78-page-long declaration.  He then followed up this complaint with the two motions for preliminary injunctive relief considered herein.  Given the volume of cases before this court, the length of plaintiff's filings necessarily slowed the screening of his complaint.

The federal rules contemplate brevity.  Plaintiff's claims should be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, will very likely result in delaying the review required by 28 U.S.C. § 1915 and may result in an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

Notwithstanding these advisements, plaintiff has now filed a 245-page Second Amended Complaint. (ECF No. 21.)  As he was previously informed, the court does not have the time or resources to devote to long, rambling pleadings, and there is certainly no reason why plaintiff's claims cannot be asserted in a shorter pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint (ECF No. 21) is dismissed; and

2. Plaintiff may file a Third Amended Complaint to be **no longer than 35 pages** within thirty-days from the date of this order.  In submitting this amended pleading, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 26, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

MB /knap1620.SAC dism