UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C.R. K'NAPP,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | No.  2:14-cv-1620 GEB KJN (TEMP) P<br><br><br>ORDER |

 Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973.  On February 23, 2016, plaintiff's 245-page second amended complaint was dismissed for failure to comply with the brevity requirements anticipated by Federal Rule of Civil Procedure 8. (ECF No. 23.) The magistrate judge granted plaintiff leave to amend and directed him to submit a third amended complaint not to exceed 35 pages. Plaintiff now moves for reconsideration of that order.

 A magistrate judge's determination in a non-dispositive matter is entitled to significant deference by the reviewing District Court. United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001). The factual determinations made by a Magistrate Judge in a non-dispositive matter are assessed under the "clearly erroneous" standard, while the legal conclusions that underlie a Magistrate Judge's decision are judged under the "contrary to law" standard. E.D. Cal. Local Rule 303(f); Yent v. Baca, 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002); Wolpin v.

1

1 | Philip Morris Inc., 189 F.R.D. 418, 422 (C.D. Cal. Feb. 23, 1999).

2 |     A magistrate judge's factual findings are "clearly erroneous" only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Yent, WL 32810316, at *2; Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993); United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). A magistrate judge's order is "contrary to law" if it does not apply or misapplies relevant case law or procedural rules. Yent v. Baca, 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002).

    Rule 8(a)(2) dictates: "A pleading that states a claim for relief must contain:...(2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states: "Each allegation [of a pleading] must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Review of the second amended complaint convinced the undersigned that the magistrate judge's order for a more concise pleading was not clearly erroneous or contrary to law. Though excessive length, by itself, is not a sufficient basis to dismiss a complaint, see Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1131 (9th Cir. July 1, 2008), the substance of plaintiff's second amended complaint is disguised under allegations that are redundant, repetitive, irrelevant, and conclusory. See McHenry v. Renne, 84 F.3d 1172 (May 28, 1996) ("[T]he the complaint in the case at bar is argumentative, prolix, replete with redundancy, and largely irrelevant.); see also Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (Mar. 24, 2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity.") As the Ninth Circuit held in Cafasso,

> While "the proper length and level of clarity for a pleading cannot be defined with any great precision," Rule 8(a) has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed.2010). Our district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations.

Under this authority, the court sees no error with the magistrate judge's February 23, 2016, order dismissing plaintiff's pleading with leave to amend and imposing a page-limit.

1      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF
2 No. 24) is denied. Plaintiff shall file a third amended complaint within thirty days from the date of
3 this order.
4 Dated:  May 24, 2016

```
                        _____
                        GARLAND E. BURRELL, JR.
                        Senior United States District Judge
```

3