UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C.R. K'NAPP, | No.  2:14-cv-01620 GEB DB |
| Plaintiff, | |
| v. | |
| EDMUND G. BROWN, JR., et al., | ORDER |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973. On February 23, 2016, plaintiff's 245-page second amended complaint was dismissed for failure to comply with the brevity requirements anticipated by Federal Rule of Civil Procedure 8. (ECF No. 23.) The magistrate judge then assigned to the case granted plaintiff leave to amend and directed him to submit a third amended complaint not to exceed 35 pages. (Id.) Plaintiff moved for reconsideration of the magistrate judge's opinion. On May 24, 2016, United States District Judge Garland E. Burrell, Jr. denied plaintiff's motion for reconsideration and again ordered plaintiff to file a third amended complaint within thirty days of that order. (ECF No. 28.)

////

////

////

1

1    In response to Judge Burrell's order, plaintiff noticed his intent to stand on his second
2 amended complaint absent leave to file a third amended complaint that is not limited to 35 pages.
3 (ECF Nos. 29; 30.)  In other words, plaintiff announced his intention to not comply with court
4 orders.  Furthermore, plaintiff filed a notice of interlocutory appeal challenging this court's
5 alleged "ongoing and continuing refusal to properly adjudicate [this] civil action[.]"  (ECF No. 33
6 at 1-2.)

7    In the notice of interlocutory appeal, plaintiff does not explain the grounds for pursuing
8 this appeal before the court has entered judgment, nor does he move for this court to certify any
9 specific order for interlocutory appeal.  An order dismissing a case with leave to amend may not
10 be appealed as a final decision under 28 U.S.C. § 1291.  WMX Techs., Inc. v. Miller, 104 F.3d
11 1133, 1136-37 (9th Cir. 1997) (en banc); Santoro v. CTC Foreclosures Svcs. Corp., 193 F.3d
12 1106, 1107 (9th Cir. 1999).  Additionally, the Ninth Circuit has held that "an appeal from an
13 interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an
14 interlocutory order does not divest the trial court of jurisdiction to continue with other phases of
15 the case."  Plotkin v. Pacific Tel. and Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982).
16 Accordingly, this court will continue with plaintiff's case despite plaintiff's notice of appeal.

17   Pursuant to Federal Rule of Civil Procedure 41(b), a petitioner's failure to comply with a
18 court order can result in dismissal of his action.  See also Rules Governing Section 2254 Cases,
19 Rule 12.  On two occasions, this court has ordered plaintiff to submit a third amended complaint
20 that is no longer than 35 pages.  (ECF Nos. 23; 28.)  Plaintiff has failed to comply with these
21 orders; he has even gone so far as to notice his intent to defy them.

22   Accordingly, the undersigned is offering plaintiff one final opportunity to comply with
23 this court's orders.

24 ////
25 ////
26 ////
27 ////
28 ////

IT IS HEREBY ORDERED that plaintiff shall, within 14 days of the date of this order, file a third amended complaint of no more than 35 pages or else show cause why the undersigned should not recommend that the district judge dismiss this action and deny all pending motions as moot.

Dated: December 9, 2016

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / knap.1620.osc