UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC C.R. K'NAPP, | No. 2:14-cv-01620 GEB DB |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973. Currently pending is plaintiff's motion for an extension of time to file objections to a prior order of this court. As explained below, plaintiff's motion for an extension of time is denied. Additionally, this court will recommend that plaintiff's case be dismissed without prejudice pursuant to Federal Rule 41(b) for failure to comply with this court's order to file a third amended complaint.

On February 23, 2016, plaintiff's 245-page second amended complaint was dismissed for failure to comply with the brevity requirements anticipated by Federal Rule of Civil Procedure 8. (ECF No. 23.) The magistrate judge then assigned to the case granted plaintiff leave to amend and directed him to submit a third amended complaint not to exceed 35 pages. (Id.) Plaintiff moved for reconsideration of the magistrate judge's opinion. On May 24, 2016, United States District Judge Garland E. Burrell, Jr. denied plaintiff's motion for reconsideration and again

1

1  ordered plaintiff to file a third amended complaint within thirty days of that order.  (ECF No. 28.)

2  In response to Judge Burrell's order, plaintiff noticed his intent to stand on his second

3  amended complaint absent leave to file a third amended complaint that is not limited to 35 pages.

4  (ECF Nos. 29; 30.)  In other words, plaintiff announced his intention to not comply with court

5  orders.  Furthermore, plaintiff filed a notice of interlocutory appeal challenging this court's

6  alleged "ongoing and continuing refusal to properly adjudicate [this] civil action[.]"  (ECF No. 33

7  at 1-2.)

8  In the notice of interlocutory appeal, plaintiff does not explain the grounds for pursuing

9  this appeal before the court has entered judgment, nor does he move for this court to certify any

10  specific order for interlocutory appeal.  An order dismissing a case with leave to amend may not

11  be appealed as a final decision under 28 U.S.C. § 1291.  WMX Techs., Inc. v. Miller, 104 F.3d

12  1133, 1136-37 (9th Cir. 1997) (en banc); Santoro v. CTC Foreclosures Svcs. Corp., 193 F.3d

13  1106, 1107 (9th Cir. 1999).  Additionally, the Ninth Circuit has held that "an appeal from an

14  interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an

15  interlocutory order does not divest the trial court of jurisdiction to continue with other phases of

16  the case."  Plotkin v. Pacific Tel. and Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982).

17  Accordingly, this court will continue with plaintiff's case despite plaintiff's notice of appeal.

18  Pursuant to Federal Rule of Civil Procedure 41(b), a plaintiff's failure to comply with a

19  court order can result in dismissal of his action.  See also Rules Governing Section 2254 Cases,

20  Rule 12; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss

21  an action for failure to comply with any order of the court.").  Local Rule 110 also provides that

22  failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions

23  authorized by statute or Rule or within the inherent power of the Court."

24  On December 12, 2016, this court offered plaintiff one final opportunity to file a third

25  amended complaint of no more than 35 pages or else show cause why the undersigned should not

26  recommend that the district judge dismiss this action and deny all pending motions as moot.

27  (ECF No. 36.)  The court, again, warned that plaintiff's failure to comply could result in

28  dismissal.  (Id. at 2.)  Plaintiff was given 14 days to file a third amended complaint or else this

court would recommend dismissal.  That 14 day period has now expired, and plaintiff has not filed a third amended complaint of no more than 35 pages.

In response to the undersigned's order, plaintiff instead lodged "objections" (ECF No. 38) to the court's directive and also filed an accompanying motion for extension of time to file objections (ECF No. 37).  However, as the undersigned entered an **order** and not findings and recommendations, objections are not appropriate.  Thus, the court denies plaintiff's motion for extension of time (ECF No. 37) as moot.  Furthermore, the district court already addressed plaintiff's motion to reconsider (ECF No. 24) the decision to dismiss the second amended complaint and limit a third amended complaint to 35 pages.  (ECF No. 28.)  In fact, as the court noted above, in response to the district court's order to submit a third amended complaint of less than 35 pages, plaintiff went so far as to notice his intent to defy the court's orders.  (ECF No. 29 ("Notice of Intent to Stand on Second Amended Prisoner Civil Rights Complaint").)

Thus, on three occasions (ECF Nos. 23; 28; 36), this court has ordered plaintiff to submit a third amended complaint that is no longer than 35 pages.  Plaintiff has failed to comply with all of these orders and noticed his intent to defy them.  Therefore, in accordance with the court's warning on December 12, 2016 (ECF No. 36), the undersigned recommends that this case be dismissed without prejudice for failure to comply with court orders pursuant to Federal Rule 41(b).

Accordingly, in summation, IT IS HEREBY ORDERED that plaintiff's motion for extension of time (ECF No. 37) is denied as moot, and IT IS HEREBY RECOMMENDED that:

(1) Plaintiff's case be dismissed without prejudice pursuant to Federal Rule 41(b) for failure to comply with this court's orders to file a third amended complaint; and

(2) All pending motions in this case (ECF Nos. 27; 29; 30; 32; 35) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen

days after service of the objections.

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 5, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / knap.1620.dismissal